UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

USA,

        Plaintiff,

   v.

IOVANNY CASTRO-CAMACHO,

        Defendants.

Case No. 21-5187 TLF

DETENTION ORDER

THE COURT conducted a hearing under the Bail Reform Act, 18 U.S.C. § 3142(e),(g) on the government's Motion for Detention (Dkt. 14) on September 15, 2021 and determined that detention is appropriate because no condition or combination of conditions will reasonably assure the safety of any other person and the community or reasonably assure the defendant's appearance in court as required.

The defendant is charged in the United States District Court for the Western District of Washington with conspiracy to distribute controlled substances (Count 1), distribution of controlled substances (Count 2) and possession with intent to distribute control substances (Counts 3, 4). The Complaint alleges that Count 1 involved 50 grams or more of actual methamphetamine, one kilogram or more of a mixture of substance containing a detectable amount of heroin, five kilograms or more of a mixture of substance containing a detectable amount of cocaine, and 400 grams or more of a mixture or substance containing fentanyl. Dkt. 1, Complaint, at p.2.

DETENTION ORDER - 1

The current charges, involving drug crimes with a maximum sentence of 10-years or more, triggers the rebuttable presumption of detention, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(1). The presumption operates to shift the burden of production to the defendant. *United States v. Hir,* 517 F.3d 1081, 1086 (9th Cir. 2008). The prosecution has the burden of persuasion. *Id.* If the defendant proffers evidence to rebut the statutory presumption, this does not mean the presumption has been erased; it simply means the presumption is an evidentiary finding that militates against release, and is weighed along with the other factors identified in 18 U.S.C. § 3142(g). *United States v. Hir,* 517 F.3d at 1086.

The defendant proffered evidence in this case, but has not overcome the presumption of detention. The government met its burden of showing by a preponderance of the evidence an extreme risk of flight or failure to appear. Defendant has substantial ties in Mexico including family and his fiancé that he frequently visits, and those visits are for long periods of time. The government has also met its burden of showing by clear and convincing evidence that defendant presents a serious risk of dangerousness to others and to the community given the seriousness of the offense, the types of drugs involved and the quantity of drugs. Further, defendant is alleged to have been in primary control of the search residence and played a leadership role.

Even though defendant has stated that he has stable employment, has no prior history of criminal involvement, and the Court is not considering his temporary immigration status, the Court is still not persuaded that defendant would comply with the terms of release into the community.

DETENTION ORDER - 2

The Court finds: The government met its burden of proving by a preponderance of the evidence that the defendant presents a significant risk of failure to appear. The government also met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to others and to the community, and there are no condition or combination of conditions which defendant can meet that will reasonably assure the safety of any other person and the community, or the appearance of the defendant.

This finding is based on:

 1) the nature and circumstances of the offense(s) charged,

2) the weight of the evidence against the person;

3) the history and characteristics of the person;

4) criminal history;

5) history of failure to appear; and

6) the nature and seriousness of the danger release would impose to any person or the community, including a history of repeated offenses.

*Order of Detention*

&lt;   The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

&lt;   The defendant shall be afforded reasonable opportunity for private consultation with counsel.

DETENTION ORDER - 3

&lt;   The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 17th day of September, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

DETENTION ORDER - 4